IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VONDELL GIOVINO,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>LODGE APARTMENT HOLDINGS LLC, PERRY REED PROPERTIES, Individual and Official capacity; THE LODGE AND/OR THE LODGE APARTMENTS HOLDING LLC, Individual and Official capacity; and DESTINY FOSSBERG, Individual and Official capacity;<br><br>　　　　　　Defendants. | 4:25CV3040<br><br>**MEMORANDUM AND ORDER** |

　　　Plaintiff Vondell Giovino ("Plaintiff"), a non-prisoner, filed a Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, and a Motion to Appoint Counsel, Filing No. 5. Plaintiff is permitted to proceed IFP, however his motion for to appoint counsel shall be denied without prejudice to reassertion.

## I.  Motion to Proceed IFP

　　　Plaintiff filed a motion to proceed IFP. Filing No. 2. On review, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis.

## II. Motion to Appoint Counsel

　　　Plaintiff seeks appointment of counsel arguing that appointment is appropriate as he cannot afford one. Filing No. 5.

　　　"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a

"good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. As such, Plaintiff's motion for appointment of counsel shall be denied without prejudice to reassertion. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. Plaintiff's motion for appointment of counsel, Filing No. 5, is denied without prejudice.

3. Plaintiff is advised that the next step in his case will be for the Court to conduct an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 4th day of March, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court